The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This opinion is being issued in response to your recent questions regarding various issues related to the Arkansas Freedom of Information Act (FOIA). More specifically, you have presented the following questions:
 (1) Under the FOIA, are records relating to job promotions, i.e., names, dates, and the positions into which individuals were promoted, considered "personnel or evaluation records" and exempt from disclosure?
 (2) What exactly is a "personnel record" for purposes of a custodian being required to notify an employee that records relating to him are being sought?
 (3) If the Attorney General's Office or an Arkansas court has stated that something is a "personnel record," does the custodian of that record have an obligation to notify the employee?
 (4) If the Attorney General has stated that something is disclosable or not an "invasion of privacy," is there still an obligation to notify the employee before releasing the material?
RESPONSE
Question 1 — Under the FOIA, are records relating to job promotions,i.e., names, dates, and the positions into which individuals werepromoted, considered "personnel or evaluation records" and exempt fromdisclosure?
You have specifically inquired about the disclosure (or exemption from disclosure) of names, dates, and positions into which individuals have been promoted. In my opinion, records which reflect this information only are "personnel records" for purposes of the FOIA.
I must note that your question appears to indicate a presumption that "personnel and evaluation records" are all exempt from disclosure. There is no such blanket exemption. Under the FOIA, "personnel records" are exempt from disclosure only to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). ("Employee evaluation records" are exempt under a different standard. See A.C.A. § 25-19-105(c)(1).)
This office has consistently taken the position that even if the records in question can be classified as ones for which an exemption is available,[1] information such as names, dates and places of birth, salaries, training and educational background, and work experience of public employees are generally disclosable. This position has been based upon the fact that the courts have found little privacy interest in such information, or have found a countervailing public interest therein.See, e.g., Ops. Att'y Gen. Nos. 95-256 and 95-244, citing Kruzon v.Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
I therefore conclude generally that names, dates, and positions into which individuals have been promoted are subject to disclosure under the FOIA.
Question 2 — What exactly is a "personnel record" for purposes of acustodian being required to notify an employee that records relating tohim are being sought?
The FOIA does not define the term "personnel records," nor has the term been defined judicially. This office has consistently taken the position that in the absence of a legislatively — or judicially-formulated definition, it is inappropriate for the Attorney General, being a member of the executive branch of government, to formulate a controlling definition. For the Attorney General to do so would constitute an impermissible violation of the separation of powers principle embodied in Article 4 of the Arkansas Constitution. See, e.g., Ops. Att'y Gen. Nos.95-400; 93-272.
I am therefore unable to respond conclusively to Question 2. I will point out, however, that Professor John Watkins, the leading commentator on the Arkansas FOIA, recommends that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). Watkins, Arkansas Freedom ofInformation Act (mm Press, 2d ed. 1994) 125-26. Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above may be subject to specific exemptions set forth in other sections of the FOIA.)
Question 3 — If the Attorney General's Office or an Arkansas court hasstated that something is a "personnel record," does the custodian of thatrecord have an obligation to notify the employee?
The scenario that gives rise to your question is somewhat unclear. The custodian of records has an obligation to notify an employee of any requests for personnel records. It is only after such notification to the employee that the Attorney General or an Arkansas court would have any opportunity to make a determination about the classification of the particular record. The Attorney General's determination in that scenario is subject to judicial review. A.C.A. § 25-19-105(c)(3)(C). The court's final determination is controlling.
You may, however, be describing a scenario in which the custodian of the records is unsure as to whether the requested record is a personnel record, and the Attorney General or an Arkansas court has made a previous determination about a record that is comparable to the record in question being maintained by the custodian. In that instance, the previous determination by the Attorney General or by an Arkansas court may assist the custodian in making a determination as to whether or not the record in question constitutes a personnel record. Because, however, determinations of this nature are usually very fact-specific, that previous determination likely will not be conclusive as to the custodian's obligation in the instant case.
Finally, you may be inquiring about a scenario in which the custodian determines that the record is not a personnel record, does not give notice, and releases the record, after which the release is challenged in court. In that instance, if the court determines that the record in question is a personnel record, that judicial determination would, of course, be controlling as to that record. The notice issue, at this point, would likely be moot. Nevertheless, the practical effect of the judicial determination is that if further requests are made for that record, the custodian would have an unquestionable obligation to provide notice to the employee.
Question 4 — If the Attorney General has stated that something isdisclosable or not an "invasion of privacy," is there still an obligationto notify the employee before releasing the material?
Yes. The obligation to notify the employee is not related to or impacted by any determination as to whether or not the records in question are disclosable.
The scenario that you describe appears to envision notification to the employee after the Attorney General's determination as to disclosability has been made. Please note that under the provisions of A.C.A. §25-19-105(c)(3), the employee must be notified of the request for the records before the Attorney General is ever presented with a request for an opinion regarding the disclosability of such records. The purpose of this requirement clearly is to allow any interested party — the custodian, the requester, or the subject of the records (the employee) — an opportunity to request an opinion regarding disclosability.
Again, however, you may be inquiring about a situation in which the Attorney General has made a determination regarding other, comparable records. Such a previous determination may assist the custodian in making a determination as to whether or not to disclose the records; however, it will not impact the custodian's obligation to notify the employee of the request for the records.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Please note that the classification of records as either personnel records or employee evaluation/job performance records is important in that such classification triggers a requirement that the employee be notified of the request for the records. A.C.A. § 25-19-105(c)(3).